## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

Darrell Woods 1057140 )
(full name)                    (Register No.)    )
_____ )
_____ )
                                              )
              Plaintiff(s).             )
                                              )
v.                                          )
                                              )
                                              )
Ashok Chodar                        )
(Full name)                              )
Pearl Smotherman              )
Jane- Doe Sheryll                   )
              Defendant(s).            )

19-3151-CV-S-BP-P

Case No._____

*Jury Trial Demanded*

Defendants are sued in their (check one):
____ Individual Capacity
____ Official Capacity
✓ Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.   Place of present confinement of plaintiff(s): South Central Correctional
Center (SCC) in Licking, Missouri.

II.  Parties to this civil action:
Please give your commitment name and any another name(s) you have used while
incarcerated.

A. Plaintiff. Darrell Woods                    Register No. 1057140
Address South Central Correctional Center (SCC)
255 West Highway 32, Licking, Missouri 65542

B. Defendant Ashok Chodar
_____
Is employed as Physician at South Central Correctional
Center, 255 West Highway 32, Licking, Missouri 65542
—See Attached—
For additional plaintiffs or defendants, provide above information in same format on a
separate page.

1

RE: 11(B.) — Defendants
Pearl Smotherman; Physician
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

Jane-Doe Sheryl; Nurse
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

John-Doe Welch; Caseworker
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

Jane-Doe Holland; Caseworker
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

Jane-Doe Creek; Caseworker
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

Kathy Barton; Director Of Nursing
South Central Correctional Center
255 West Highway 32
Licking, Missouri 65542

III. Do your claims involve medical treatment?    Yes ✓    No _____

IV. Do you request a jury trial?    Yes ✓    No _____

V. Do you request money damages?    Yes ✓    No _____

State the amount claimed?    $25,000.00 both (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur?  Yes ✓  No _____

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes ✓    No _____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?    Yes ✓    No _____

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
— See Attached — Preliminary Injunctions and
Temporary Restraining Order, and attached
Affidavits and Memorandum of Law.

D. If you have not filed a grievance, state the reasons.
Not Applicable (N/A); whereas Plaintiff has
filed grievances.

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?    Yes _____    No ✓

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?    Yes ✓    No _____

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: Darrell Woods v. Ricky Hoys et al.
    (Plaintiff)              (Defendant)
(2) Date filed: February 23, 2015

2

(3) Court where filed: _United States District Court Eastern Missouri_

(4) Case Number and citation: _Unknown_

(5) Basic claim made: _Retaliation etc._

(6) Date of disposition: _On Appeal_

(7) Disposition: _On appeal_

(~~Pending~~) (on appeal) (~~resolved~~)

(8) If resolved, state whether for: _On appeal_

— See Attached —

(~~Plaintiff~~ or ~~Defendant~~)

For additional cases, provide the above information in the same format on a separate page.

IX.    Statement of claim:

A.    State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

— See Attached —

B.    State briefly your legal theory or cite appropriate authority:

— See Attached —

3

RE: VIII(C) — Previous Civil Actions
1. Darrell Woods v. Collena Ewing et al.
2. October 30, 2015
3. United States District Court, Western Missouri
4. Unknown
5. 42 U.S.C. 1985, 1986 Civil Rights Conspiracy, Retaliation, etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. Steffan Boeckman et al.
2. January, 2016
3. United States District Court, Western Missouri
4. Unknown
5. Retaliation, etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. Jonathan Lewis et al.
2. February 3, 2016
3. United States District Court, Eastern Missouri
4. Unknown
5. Cruel and Unusual Punishment, Retaliation, etc.
6. On Appeal
7. On Appeal
8. On Appeal

1. Darrell Woods v. Matthew Todd et al.
2. June, 2017
3. United States District Court, Western Missouri
4. Unknown
5. 42 U.S.C. 1985, 1986: Conspiracy, Retaliation etc.
6. Unknown
7. Resolved
8. Defendants

1. Darrell Woods v. John Doe Accounter et al.
2. February 28, 2019
3. United States District Court, Western Missouri
4. 6:19-CV-3091-BP
5. 42 U.S.C. 1985, 1986: Conspiracy, Retaliation, etc.
6. Pending
7. Pending
8. Pending

RE: IX(B) — Statement Of Claim

This is a civil rights action filed under 42 U.S.C. 1983 by Darrell Woods, a state prisoner for medical deliberate indifference in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, and retaliation in violation of the First Amendment to the United States Constitution. Plaintiff also complains of the state torts of intentional infliction of negligence and harassment.

RE: IX(A) — Statement Of Claim

Jurisdiction

1. The Court has jurisdiction over Plaintiff claims of violation of federal constitutional rights under 42 U.S.C. 1331(c) and 1343.

2. The Court has supplemental jurisdiction over Plaintiff's state tort claims under 28 U.S.C. 1367.

Parties

3. Plaintiff, Darrell Woods, was incarcerated at South Central Correctional Center (SCCC) in Licking, Missouri during the events described in this complaint.

4. Defendants Ashok Chadda, Pearl Smotherman, Jane-Doe Sheryl, John-Doe Welch, Jane-Doe Holland; Jane-Doe Creek, and Kathy Barton are employed at SCCC. They are sued in their individual and official capacities.

Facts

Medical Deliberate Indifference

5. Defendant Ashok Chadda delayed increasing Plaintiff pain medication "(Triliptel 300)" for the sole purpose of causing Plaintiff unnecessary and wanton infliction of pain:

6. On August 1, 2018 "during sick call" Plaintiff complained that his arthritis was causing him extreme pain, and the pain medication "(trilipte 300)" in which he had been prescribed was insufficient for his pain. Dr. Ashok Chada who was responsible for increasing Plaintiff pain medication completely failed to do so. Ashok Chada knew, or should have known that his failure to increase Plaintiff pain medication would result in the unnecessary and wanton infliction of pain. Subsequently, on August 13, 2018 Ashok Chada discontinued Plaintiff trilipte 300 without any explanation. During the August 1, 2018 sick call Plaintiff warned Ashok Chada that the failure to increase his trilipte 300 would result in him filing an I.R.R and, therefore Ashok Chada having discontinued Plaintiff trilipte 300 raises concerns of reprisal. See below subsection I.R.Rs for specifics?

Foot Note:
Sick call is the evaluation and treatment of an ambulatory patient in a clinical setting, by a qualified health care professional

2 of 14

7. On September 14, 2018 Nurse Tiffany reffered Plaintiff to the physician to where his triliptel 300 can be renewed or increased. Mo.DOC (Missouri Department Of Corrections) policy "IS11-38 Sick Call" states that offenders requiring nonemergent referral to the physician should be seen within 14 days, unless determined otherwise by consulting with the facility responsible physician(a) documentation of the consult should be recorded in the offender medical account ability record system. During a 103 day threshold between September 14, 2018, and December 26, 2018 Physician Ashok Chada, and Pearl Smotherman completely ignored Plaintiff's refferal. And then, on December 26, 2018 Defendant Pearl Smotherman conducted sick call—she completely failed to renew or increase Plaintiff triliptel 300, and verbally expressed that her failure to do so was due to Plaintiff having filed an I.R.R. against Ashok Chada. This raises concerns of reprisal. See below subsection I.R.Rs for specifics

8. On, or around January 14, 2019 Dr. Chada renewed Plaintiff medication, increasing it to triliptel 450. And then, on January 24, 2019 Dr. Ashok Chada discontinued Plaintiff triliptel 450. Plaintiff completed a H.S.R., and attended nurse sick call with Nurse Jane-Doe Sheryl ~~when~~ February 15, 2019. Nurse Sheryl completely failed to refer Plaintiff to the physician—her failure to refer Plaintiff to the physician was for the sole purpose of hampering Plaintiff from renewing his triliptel 450. This was designed to cause Plaintiff unnecessary and wanton infliction of pain. In addition between February 15, 2019, and March 4, 2019 several different nurses completely failed to enter/process Plaintiff H.S.R forms.

Foot Note:
A H.S.R. (Health Service Request) is an offender request for health care whether verbal or written request for medical, dental, or mental health services.

9.  On March 4, 2019 Plaintiff attended nurse sick call with Nurse Jane-Doe Tarrah — she referred Plaintiff to the physician to where his triliptel 450 could be renewed. And yet, between March 4, 2019, and April 17, 2019 "a 44 day threshold" the physicians failed to see Plaintiff. As previously stated MoDOC policy states that offenders requiring nonemergent referral to the physician should be seen within 14 days, unless determined otherwise by consulting with the facility responsible physician. When Physician Pearl Smotherman did see Plaintiff on April 17, 2019 — she attempted to decrease Plaintiff Triliptel 450 to Naproxen or Meloxicam. Approximately one year prior to having been prescribed Triliptel Plaintiff was taking Meloxicam and Naproxen — both of which was increased to Triliptel cause they where insufficient to satisfy Plaintiff pain. Consequently, Pearl Smotherman knew, or should have known Meloxicam, and/or Naproxen was insufficient for Plaintiff's pain.

10. Indeed, Plaintiff verbally expressed the need for the renewal of his Trilipte/450. Defendant Pearl Smotherman responded, "I am the physician, and you will never get your Trilipte/ back, because I don't want to give it back."

Retaliation

A. I.R.R.s

11. On August 9, 2018 Plaintiff I.R.R.#SCCC18-1233 was entered. This I.R.R. contain information of Defendant John-Doe Welch failure to provide Plaintiff with multiple, or at least enough I.R.R.s in a timely fashion. This was designed to cause some conspiracy planned/retaliatory error "untimely filing" in Plaintiff I.R.R.s. Indeed, John-Doe Welch failure to provide Plaintiff with multiple, or enough I.R.R.s in a timely fashion caused the retaliatory error "untimely filing" in Plaintiff I.R.R. #SCCC18-1772. For example, MoDOC poilcy "D5-3.2 Offender Grievance" states that any offender who wishes to file an I.R.R. on a grievable issue must do so within 15 calendar days from the date of the allege incident.

Plaintiff "in his I.R.R.#SCCC18-1233" foot noted his wishes to file an I.R.R. on the subject complaint of ⑤Medical. Just to be clear Plaintiff intention was to bring a complaint against Ashok Chada for his failure to increase Plaintiff Triliptel 300 during the August 1, 2018 sick call. But, for John-Doe Welch failure to provide Plaintiff with multiple, or enough I.R.R.s in a timely fashion—his I.R.R.#SCCC18-1772 was not entered until October 10, 2018. Even though Plaintiff I.R.R.#SCCC18-1233 was entered on August 9, 2018—he had turned his completed I.R.R.#SCCC18-1233 in on August 1, 2018.

Foot Note:

   An I.R.R (Informal Resolution Request) is the initial process of the grievance procedure.

   As previously stated Plaintiff foot noted in his I.R.R.#SCCC18-1233 his wishes to file an I.R.R against medical. I.R.R.#SCCC18-1233 was processed on August 9, 2018, and yet prison officials provided Plaintiff his first I.R.R. against medical in October, 2018.

12. On December 26, 2018 Defendant Jane-Doe Holland completely failed to satisfy Plaintiff request for an I.R.R. to file with regards to the subject complaint of ⑤Medical.(a) Plaintiff intention was to bring a complaint against Pearl Smotherman for her failure to increase, or at the very least renew Plaintiff Triliptel 300 during the December 26, 2018 sick call. Jane-Doe Holland failure to satisfy Plaintiff request for an I.R.R. was designed to discourage Plaintiff from filing the I.R.R. against Pearl Smotherman, whereas her failure had forced Plaintiff to exceed the 15 day time frame in which to file an I.R.R.

13.     MoDOC policy states that grievances should be responded to as soon as practicable possible, however, within 40 calendar days. In the event staff fail to respond to a grievance within 40 calendar days the offender should notify the Grievance Officer, and request a blank grievance appeal to move forward in the grievance procedure. The Grievance Officer shall mark the overdue grievance response as untimely response, and provide the offender with a blank grievance.

14.     Defendant Jane-Doe Creek completely failed to satisfy Plaintiff repeated requests for a blank grievance appeal which reference to the untimely Grievance Response #SCC18-1772 — her sole purpose was to discourage Plaintiff from continuing with his Grievance #SCC18-1772. Plaintiff I.R.R. #SCC18-1772 went into the Grievance stage on December 13, 2018. Meaning the Response to Grievance #SCC18-1772 was due on January 22, 2019. On this day in question Plaintiff begin his repeated requests for Jane-Doe Creek to mark the response as untimely, and provide him with a blank grievance appeal. Jane-Doe Creek failed to satisfy Plaintiff request and medical staff didn't respond until February 25, 2019.

B.    The Unnecessary And Wanton Infliction Of Pain By Physicians Ashok Chadda And Pearl Smotherman.

15.    As previously stated Plaintiff warned Dr. Ashok Chadda "during the August 1, 2018 sick call" that the failure to increase his Triliptel 300 would result in him filing an I.R.R. And then on August 12, 2018 Plaintiff Triliptel 300 was discontinued without proper justification. As a matter of fact medical staff completely failed to even give Plaintiff any further explanation as to the cause of his Triliptel 300 having been discontinued. And then, between September 14, 2018, and December 26, 2018 "during a 103 day threshold" Physicians Chadda and Smotherman completely neglected Plaintiff refferal. MoDOC policy states that offenders requiring nonemergent refferal to the physician should be seen within 14 days; unless determined otherwise by consulting with the facility responsible physician.

10 of 14

In addition, when Pearl Smotherman did see Plaintiff on December 26, 2018 she completely failed to increase or even renew Plaintiff Triliptel 300, and indicated that her failure was due to Plaintiff having filed on I.R.R against Ashok Chada. For example, Pearl Smotherman stated to Plaintiff, "you have on I.R.R. against Chada. He don't want me to renew your Triliptel until the conclusion of the I.R.R." This suggest conspiracy to retaliate.

16.   It should be noted that on October 10, 2018 Plaintiff I.R.R.# SCCC 18-1772 was entered. This I.R.R. contain information of: 1) Ashok Chada failure to increase Plaintiff Triliptel 300 during the August 1, 2018 sick call. (2.) Plaintiff warned Ashok Chada that the failure to increase his Triliptel 300 would result in him filing on I.R.R.; 2) Ashok Chada having discontinued Plaintiff Triliptel 300 on August 12, 2018; and 3) Physicians Ashok Chada and Pearl Smotherman having neglected Plaintiff refferal for a 103 day threshold.

17. And then, on or around January 14, 2019 Plaintiff was rescheduled for sick call. During this setting Ashok Chada renewed Plaintiff Triliptel, increasing it to 450 mg. And then, on January 24, 2019 Ashok Chada discontinued Plaintiff Triliptel 450 mg. This raises more questions than they answers— whether Ashok Chada intent to retaliate against Plaintiff for not abandoning his Grievance#SCCC 18-1772 which personally involved Ashok Chada. Appearently say whereas the response to Plaintiff Grievance#SCCC 18-1772 was due on January 22, 2019. On this day in question "due to medical staff failure to respond to grievance#SCCC 18-1772" Plaintiff began his repeated requests for a blank grievance appeal to move forward in the grievance procedure. And yet, Grievance Officer Creek completely failed to satisfy Plaintiff requests for a blank grievance appeal (or) medical staff didn't respond to Grievance#SCCC 18-1772 until

12 of 14

February 25, 2019, at which which time Plaintiff was provided with a blank grievance appeal.

18. Regardless, Grievance Officer Creek had a duty to satisfy Plaintiff January 22, 2019 request for a blank grievance appeal with regards to the overdue grievance response #SCC18-1772, and yet Jane-Doe Creek completely failed to do so. This was designed to discourage Plaintiff from continuing with his Grievance #SCC18-1772.

19. On February 8, 2019 Plaintiff I.R.R.#SCC19-232 was entered. This I.R.R. contains information of medical staff "(Chada, Smotherman, and Sheryl)" having subjected Plaintiff to retaliatory actions by depriving Plaintiff of pain medication "Triliptel 450 mg" for having filed I.R.R.s against medical staff. Kathy Barton who is Director Of Nursing investigated and responded to I.R.R.#SCC19-232 — she inappropriately denied Plaintiff I.R.R. as oppose to affording an appropriate remedy

by directing Ashok Chadda or Pearl Smotherman to renew Plaintiff Triliptel 450. As a result in Ashok Chadda, Pearl Smotherman, Jane-Doe Sheryl, and Kathy Barton conspiracy to retaliate the violations in this complaint is ongoing. Meaning Plaintiff is steadily being subjected to unnecessary and wanton infliction of pain. It should be noted that during a 243 day threshold between August 12, 2018, and April 22, 2019 Ashok Chadda, Pearl Smotherman, Jane-Doe Sheryl, and Kathy Barton conspired to retaliate against Plaintiff by depriving him of pain medication. This was designed to cause Plaintiff unnecessary and wanton infliction of pain for filing I.R.R.s against medical.

X.    Relief: State briefly exactly what you want the court to do for you. **Make no legal arguments.**
       —. See Attached —

XI.   Counsel:

      A.  If someone other than a lawyer is assisting you in preparing this case, state the person's
      name. _None other_

      B.  Have you made any effort to contact a private lawyer to determine if he or she would
      represent you in this civil action?                    Yes____ No ✓

          If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
      _N/A_

      C.  Have you previously had a lawyer representing you in a civil action in this court?
                                                              Yes ✓     No ____

          If your answer is "Yes," state the name and address of the lawyer.
      _Isandra Spicer_

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _22nd_ day of _April_ 20_19_.

_Darrell Woods, Sr._
Signature(s) of Plaintiff(s)

4

RE: X — Relief

Wherefore, for the above stated reasons Plaintiff is requesting the following remedies:

A. Grant an injunction, ordering Defendants Ashok Chada and Pearl Smotherman to provide Plaintiff adequate medical care.

B. Grant an injunction, restraining Ashok Chada and Pearl Smotherman from subjecting Plaintiff to any further retaliation.

C. Grant an injunction, restraining John-Doe Welch, Jane-Doe Holland, and Creek from causing retaliatory errors "untimely filings" in Plaintiff I.R.Rs, Grievances, and Appeals.

D. Grant Cost, compensatory and punitive money damages of $25,000.00 each.

E. Grant any other remedy this Court deems just and proper.

## Affidavit

My name is Darrell Woods. I am of sound mind, capable of making this affidavit and personally aquainted with the facts herein states:

Plaintiff is a prisoner at the South Central Correctional Center (SCCC) in Licking, Missouri. On August 1, 2018 Plaintiff attended sick call which was conducted by Physician Ashok Chada. Plaintiff sole purpose for this setting were to get his Triliptel 300 mg increased to a more suitable pain medication, whereas Triliptel 300 was insufficient to satisfy Plaintiff pain caused by his arthritis. Ashok Chada completely failed to increase Triliptel 300 — his failure was designed to cause Plaintiff unnecessary and wanton infliction of pain. On this day in question Plaintiff warned Ashok Chada that his failure to increase plaintiff Triliptel 300 would result in Plaintiff filing an I.R.R. against him. As a result in Plaintiff having warned Ashok Chada that he was going to file an I.R.R. — he was subjected to a series of retaliatory actions by Ashok Chada. For example,

On August 12, 2018 Ashok Chada discontinued Plaintiff "Triliptel 300 without any explanation. And then, "during a 103 day threshold" between September 14, 2018, and December 26, 2018 Physicians Ashok Chada and Pearl Smotherman completely neglected Plaintiff sick call refferal (Noting: On September 14, 2018 Nurse Jane-Doe Tiffany referred Plaintiff to the Physician)... Missouri Department Of Corrections (MoDOC) policy "IS 11-38 Sick Call" states that offenders requiring nonemergent referral to the physician should be seen within 14 days, unless determined otherwise by consulting with the facility responsible physisican.

On December 26, 2018 "during sick call" Physician Pearl Smotherman completely failed to increase or even renew Plaintiff Triliptel 300. Smotherman stated to Plaintiff, "you have an I.R.R. against Chada. He don't want me to renew your Triliptel until the conclusion of the I.R.R." This suggest that Pearl Smotherman intent was to discourage Plaintiff from continuing with his I.R.R./Grievance against Ashok Chada. Plaintiff Grievance Appeal

#SCCC 18-1772 which reference to his I.R.R/Grievance against Ashok Chada was not expected to conclude until around April, 2019. Physician Pearl Smotherman failure to increase or even renew Plaintiff Triliptel 300 resulted in Plaintiff having been subjected to unnecessary and wanton infliction of pain.

And then, around January 14, 2019 Ashok Chada renewed Plaintiff pain medication, increasing it to Triliptel 450. And then, on January 24, 2019 Ashok Chada discontinued Plaintiff Triliptel 450. The response to Plaintiff grievance against Ashok Chada was due around January 22, 2019. On this day in question Plaintiff began his repeated requests for a blank grievance appeal to move forward in the grievance procedure, and then on January 24, 2019 Plaintiff Triliptel 450 was discontinued by Ashok Chada.

On February 15, 2019 Nurse Jane-Doe Sheryl completely failed to refer Plaintiff H.S.R. (Health Service Request) to the physician. This failure hampered Plaintiff from seeing the physician in order to renew his Triliptel 450, and caused Plaintiff unnecessary and wanton infliction of pain.

On several different occasions between February 15, 2019, and March 4, 2019 several different nurses failed to enter Plaintiff H.S.R. forms. On March 4, 2019 Nurse Jane-Doe Torrah entered Plaintiff H.S.R., and referred him to the physician. And yet, between March 4, 2019, and April 17, 2019 Physician Ashok Chada and Pearl Smotherman completely neglected Plaintiff referral. And then, on April 17, 2019 Pearl Smotherman completely failed to renew Plaintiff Triliptel 450—she stated to Plaintiff, "I am the physician, and i'm not about to renew your Triliptel 450, because I don't want to.

On August 1, 2019 John-Doe Welch completely failed to satisfy Plaintiff request for an I.R.R. to file against Ashok Chada for his failure to increase Plaintiff Triliptel 300 during the August 1, 2019 sick call. It should be noted that on October 5, 2018 Jane-Doe Holland provided Plaintiff with an I.R.R. This I.R.R. #SCCC18-1772 was entered on October 10, 2018 and contain information of including, but not limited to the August 1, 2018 sick call incident.

Jane-Doe Holland completely failed to satisfy Plaintiff request for an I.R.R. On December 26, 2018 Plaintiff submitted his written request for an I.R.R. to file against Pearl Smotherman with regards to the December 26, 2018 sick call incident. Jane-Doe Holland completely failed to satisfy Plaintiff request for the I.R.R. As a result Plaintiff was unable to file a timely I.R.R. against Pearl Smotherman.

On several different occasions the Grievance Officer Jane-Doe Creek hendered Plaintiff from moving forward in the grievance procedure by failing to provide Plaintiff Grievances or Grievance Appeals which reference to overdue I.R.R. and Grievance Responses. Grievance Response # SCC18-1772 was due on, or around January 22, 2019. On this day in question Plaintiff began his repeated requests for a blank grievance appeal to move forward... Between January 22, 2019, and February 25, 2019 Jane-Doe Creek failed to satisfy Plaintiff requests for a blank grievance appeal. On February 25, 2019 medical staff responded to Grievance # SCC18-1772, and provided Plaintiff a blank Grievance Appeal.

On February 8, 2019 Plaintiff I.R.R.#SCCC19-232
was entered. This I.R.R. contain information
of medical staff having subjected Plaintiff
to retaliatory actions by depriving Plaintiff
of pain medication "(Triliptel 450.mg)" for having
filed I.R.R.s against medical staff, Kathy Barton
is Director of Nursing who investigated and
responded to I.R.R. #SCCC19-232. Kathy Barton
inappropriately denied Plaintiff I.R.R. as
oppose to affording an appropriate
remedy by directing medical staff to
renew Plaintiff Triliptel 450. As a result
medical staff conspiracy to retaliate is
on-going, and Plaintiff is subjected "steadily"
to unnecessary and wanton infliction of
pain.

I verify under penalty of perjury the
facts herein are true and correct.
Signed, Darrell Woods, Sr.
Date: April 22, 2019

## Memorandum Of Law

Between August 12, 2018, and April 22, 2019 Defendants Ashok Chada, Pearl Smotherman, and Jane-Doe Sheryl has deprived Plaintiff of adequate medical care by providing him pain medication for only twenty(20)days during the aforementioned 243 day time frame. Their sole purpose is to cause Plaintiff unnecessary and wanton infliction of pain. Plaintiff need for pain medication is clear, whereas he has been diagnosed with the extremely painful arthritis due to a gun-shot injury.

On several other occasions Defendants John-Doe Welch, Jane-Doe Holland, and Jane-Doe Creek has knowingly, and willfully violated Constitutional First Amendment right to freedom of speech, and the right to petition the government for a redress of grievances by causing some conspiracy planned/ retaliatory errors in Plaintiff I.R.R.s, Grievances, and/or Grievance Appeals.

And then, on several other occasions Defendant Kathy Barton; Director Of Nursing tolerated and encouraged Chada, Smotherman, and Sheryl "(medical staff)" having deprived Plaintiff of adequate medical care. These on-going violations will most likely continue to occur, unless Plaintiff get help from the Court. This is sufficient to show that Plaintiff will be irreparably harmed, if he is forced to use the prison grievance system to sue... An ongoing pain, as are many ongoing violations of Plaintiff Constitutional rights are examples of irreparable harm.

Because of the ongoing violations this case presents an emergency situation, whereas an attempt for Plaintiff to exhaust his prison administrative remedies on every issue would subject his case to being time-barred, whereas statute of limitations do exist. Finally, the Court can only protect prisoners with a

preliminary injunction while the Court waits for them to exhaust grievance procedures. Jackson v. District of Columbia 254 F. 3d 262 (D. C. Cir. 2001). This memorandum of law is also supported by Plaintiff's complaint, order to show cause for a preliminary injunction and temporary restraining order, and affidavit.

Wherefore, Plaintiff respectfully request that this court grant him the relief sought in his preliminary injunction and temporary restraining order— ? And, allow Plaintiff case to move forward while the court wait for him to properly exhaust his grievance procedures

Signed, Darrell Woods, Sr.
Date: April 22, 2019

Foot Note:
Plaintiff is a "poor person" and, therefore should not be required to put up money as "security" claims of merit.

Signed, Darrell Woods, Sr.
Date: April 22, 2019

Darrell Woods, Sr. #1057140
South Central Correctional Center
2B-282
255 West Highway 32
Licking, Missouri 65542

United States District Court
Western District of Missouri,
400 East 9th Street
Kansas City, Missouri 64106

2019 APR 25 PM 12:44

CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

